IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brandi Williamson, *On behalf of themselves and those similarly situated*,<br><br>     Plaintiff,<br><br>     v.<br><br>South Shor, Inc. d/b/a The Peddler Steakhouse, Alan G. Barefoot, and Charles Grant,<br><br>     Defendants. | CASE NO. 4:17-cv-03026-MGL<br><br>**ORDER APPROVING FAIR LABOR STANDARDS ACT SETTLEMENT** |

    This matter comes before the Court by way of a Joint Motion. The attorneys for Plaintiffs and Defendants (jointly "Parties") request approval of the Settlement Agreement reached between Brandi Williamson, individually, and on behalf of all other opt-in Plaintiffs (hereafter collectively referred to as "Plaintiffs") and Defendants.

    Plaintiffs alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereafter "FLSA"), and the South Carolina Payment of Wages Act. Defendants denied any liability under the FLSA and the South Carolina Payment of Wages Act and have pled various defenses. The Parties eventually consented to a motion for conditional certification of a collective action, which was granted. Thereafter notice was provided to the putative plaintiffs. There are disputes between the Parties as to the underlying facts and the controlling law. Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation. The Court has reviewed the Settlement Agreement as well as Exhibit A, Affidavit of Andrew Kimble to Support the Award of Attorneys' Fees and Costs.

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310 (AJT/JFA), 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claim against Defendants, and review of the Settlement Agreement, the Court finds and concludes that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. The Court finds and concludes that the proposed settlement is just and reasonable and in the best interest of the Parties. The Court further finds the settlement to have been reached in good faith.

A total of seven (7) individuals have opted into this case to-date. The receipt of total payment by any of these individuals shall constitute an accord, satisfaction, and release of any and all wage and hour claims any such individual may have against the Defendants arising out of their employment with Defendants.

Based upon the Parties' joint request to approve the settlement and after review *in camera* of the Settlement Agreement, the Court approves the Settlement Agreement as requested by the Parties. The Court shall retain jurisdiction of this action until all obligations pursuant to the Settlement Agreement have been made and a stipulation of dismissal is filed.

**IT IS ORDERED** that the terms of the settlement in this action are approved.

<u>s/Mary Geiger Lewis</u><br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 18, 2018